Mitchell Taylor Button
Dusty Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
310-499-8930
Worldofdusty@gmail.com

X FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 2 4 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| MITCHELL TAYLOR BUTTON AND DUSTY BUTTON<br><br>PLAINTIFFS,<br>V.<br><br>NICK KINGSLEY (a/k/a @k1ngs\|3y_)<br><br>DEFENDANT. | Case No: CV25-02619-PHX-SMB<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE LRCivP 5M
(Rule Number/Section)

Plaintiffs Mitchell Taylor Button and Dusty Button, ("the Buttons"), file this complaint against Mr. Nick Kingsley and allege as follows:

## INTRODUCTION

1. Plaintiffs Dusty Button and Mitchell Taylor Button bring this action for defamation and related torts arising from knowingly false and malicious statements published by Defendant Nick Kingsley, who falsely accused Plaintiffs of criminal conduct despite no criminal charges ever being filed against them.
2. Defendant made these defamatory statements publicly on Instagram over *four years after* the filing of a widely publicized civil lawsuit in Nevada, which contains no criminal findings and has resulted in no criminal prosecution. His statements are false, defamatory per se, and designed to destroy Plaintiffs' reputations.
3. Defendant acted with actual malice, defamatory intent, and a calculated plan to evade responsibility by deleting his comments and blocking his identity and account from the Plaintiffs, preventing them from discovering the defamation until May or June of 2025.

4. Defendant has substantial influence in the automotive community and on social media platforms, where he promotes brands and communicates with a large audience. His public statements carry significant weight and impact.

5. Following the filing of the Nevada lawsuit in 2021, Plaintiffs' lives, careers, and reputations were completely destroyed despite the absence of any criminal charges and the pendency of a motion for summary judgment scheduled for hearing on July 31, 2025. After years of personal, financial, and reputational harm, Plaintiffs had only recently begun to re-establish relationships in their respective industries when Defendant's defamatory comments resurfaced and further derailed their recovery.

6. Upon information and belief, Defendant's statements influenced sponsors, clients, and employers who had recently begun re-engaging with Plaintiffs professionally, resulting in further canceled opportunities, endorsements and professional and/or meaningful relationships.

7. Plaintiffs seek compensatory and punitive damages for the severe reputational, emotional, and professional harm they have suffered.

## PARTIES

8. Plaintiff Dusty Button is a citizen of South Carolina and was previously an internationally recognized professional ballet dancer prior to 2021.

9. Plaintiff Mitchell Taylor Button is a citizen of South Carolina and his brand and work in the automotive industry was widely recognized prior to 2021.

10. Defendant Nick Kingsley is, on information and belief, a resident of Arizona. He is the operator of the Instagram account "@k1ngs|3y_" and the influential individual who published the defamatory statements described herein.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiffs and

Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in Arizona and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

13. In 2021, a civil lawsuit was filed in the United States District Court for the District of Nevada, captioned *Humphries et al. v. Button et al.*, Case No. 2:21-cv-01412-ART-EJY, naming Plaintiffs as defendants in a suit alleging civil claims for $131,000,000.00.

14. No criminal charges were ever filed against Plaintiffs in relation to the civil allegations. Plaintiffs deny all allegations in the Nevada case and continue to vigorously defend their rights in that matter including other pending litigations as a result of that lawsuit[1].

[1] See cases 1:24-cv-05888-MKV in the Southern District Court of New York – Button et al v. the New York Times et al; 1:24-cv-03757-MKV in the Southern District Court of New York – Button et al v. Breshears; 1:24-cv-05026-JPC-KHP in the Southern District Court of New York – Button et al v. Doherty et al; 8:24-cv-01730-JVS-DFM in the Southern District Court of California – Button et al v. Humphries et al; Button et al v. Roe et al 25-1394 in the United States Court of Appeals for the First Circuit previously 1:24-cv-00220 in the District Court of New Hampshire; Button et al v. Melcher 25-1316 in the United States Court of Appeals for the First Circuit previously 1:24-cv-12632 in the District Court of

15. On or about January or February 2025, upon information and belief, Defendant Nick Kingsley published multiple defamatory comments on a public Instagram page, including: "He diddled kids" and "Yeah just google his name. Husband wife combo. Pretty sad story knowing people would do that.

16. Upon information and belief Mr. Kingsley made another statement on Instagram in May of 2025 stating, "We all know what they did. Sexual predators like these two don't deserve a platform."

17. These statements falsely assert that Plaintiffs committed serious criminal sexual offenses involving minors, and further imply longstanding and publicly documented criminal conduct. They were made as statements of fact, not opinion, and were not accompanied by any disclaimer or supporting evidence that Plaintiffs committed serious criminal sexual offenses.

---

Massachusetts; Button et al v. McCawley in the United States Court of Appeals for the Eleventh Circuit 25-12165 previously 0:24-cv-60911-DSL in the Southern District Court of Florida; Button et al v. Lopresti in the Southern District Court of California 3:25-cv-00867-DMS-DDL and other pending action to the BAR of overseers in Massachusetts, Florida and California and Button et al v. Humphries No. 25-4079 assigned to Notice of Appeal to 9th Circuit Court of Appeals in California.

18. Mr. Kinglsey followed the Plaintiffs' Instagram accounts @we_the_buttons and @wethebuttons which contained publicly available information and links to google drive folders of the initial Nevada litigation docket entries, as well as the Plaintiffs' ongoing litigations against various third-parties and include numerous claims against those third parties for defamation and other claims across multiple forums thereby eliminating any excuse that Mr. Kingsley was not aware of the Plaintiffs' countersuits for defamation and pending litigations which were at the forefront of the forementioned Instagram pages.

19. Mr. Kingsley intentionally blocked the accounts when the Buttons contacted him about his defamatory statements.

20. Defendant made these comments more than four years after the filing of the Nevada civil lawsuit, despite knowing that no criminal charges had ever been brought.

21. Defendant's statement was made on a public Instagram page with wide reach in the dance and automotive communities and was viewable by hundreds of thousands of followers.

22. Plaintiffs have reason to believe that Defendant has made similar or related defamatory statements on other occasions and across other platforms, including posts or replies that have since been deleted.

23. Upon Plaintiffs discovering the comments in May or June of 2025, they learned that Defendant had immediately blocked them and subsequently deleted the comments.

24. Defendant acted with actual malice, intending to harm Plaintiffs' reputations and careers by spreading false and inflammatory accusations. He either knew the statements were false or acted with reckless disregard for their truth or falsity. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964); *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

25. The United States District Court for the District of Nevada has previously found that Plaintiffs are not public figures or even limited-purpose public figures[2], further demonstrating that a heightened actual malice standard is unwarranted. See *Gertz v. Robert Welch, Inc.*,

[2] See Dkt. 379 – 2:21-cv-01412-ART-EJY in the District Court of Nevada

418 U.S. 323, 345 (1974) (defining private individuals as having greater protection from defamatory falsehoods).

26. Plaintiffs have suffered serious and irreparable reputational harm, emotional distress, and professional damage as a direct and proximate result of Defendant's actions.

## CAUSES OF ACTION

### **Count I: Defamation Per Se**

27. Plaintiffs incorporate by reference paragraphs 1–26 as if fully set forth herein.

28. Defendant published false factual assertions accusing Plaintiffs of engaging in criminal acts including sexual abuse.

29. These statements are defamatory per se because they impute serious criminal conduct and moral turpitude. See *Dube v. Likins*, 216 Ariz. 406, 415 (Ct. App. 2007); *Restatement (Second) of Torts* § 571.

30. Defendant made these statements knowing they were false or with reckless disregard for their truth or falsity.

31. Defendant's false statements were not privileged and are not protected opinion. See *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18–19 (1990) (distinguishing false factual assertions from protected opinion).

32. Plaintiffs have suffered reputational harm, loss of career opportunities, and emotional distress as a direct result.

**Count II: False Light Invasion of Privacy**

33. Plaintiffs incorporate by reference paragraphs 1–32 as if fully set forth herein.

34. Defendant's statements placed Plaintiffs in a false light by publicly casting them as criminals, predators, or sexual abusers.

35. This portrayal would be highly offensive to a reasonable person. See *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 341 (1989).

36. Defendant acted with knowledge of the falsity or with reckless disregard as to the truth.

37. Plaintiffs have suffered emotional distress, reputational damage, and mental anguish.

**Count III: Intentional Infliction of Emotional Distress**

38. Plaintiffs incorporate by reference paragraphs 1–37 as if fully set forth herein.

39. Defendant engaged in extreme and outrageous conduct by falsely accusing Plaintiffs of criminal sexual abuse.

40. Defendant intended to cause severe emotional distress or acted in reckless disregard of the probability of causing such distress. See *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987).

41. Plaintiffs suffered severe emotional distress as a direct result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Award compensatory damages in an amount to be determined at trial;

b. Award punitive damages for Defendant's malicious and willful conduct;

c. Award injunctive relief requiring Defendant to retract the false statements;

d. Award costs and attorneys' fees as permitted by law; and

e. Grant such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully dated: July 9th, 2025

Mitchell Taylor Button and Dusty Button

(Pro se)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was mailed via USPS to the United States District Court of Arizona, Phoenix Division; Clerk's Office at 401 West Washington Street, Suite 130, Phoenix, Arizona on July 20th, 2025.

Dated this 20th day of July, 2025,

/s/______________________________

Signature of Plaintiff Dusty Button (*Pro se*)

/s/______________________________

Signature of Plaintiff Mitchell Taylor Button (*Pro se*