# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Taylor Button, et al., | No. CV-25-02619-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Nick Kingsley, | |
| Defendant. | |

Pending before the Court is Plaintiff's pro se Motion for Waiver of Pacer Fees (Doc. 22). In their motion, Plaintiffs assert that the Motion should be granted because they have been granted IFP status, need to monitor ECF regularly, and do not reliably receive EDF email notifications due to technical issues. Plaintiffs do not cite any legal authority supporting the grounds cited.

Through PACER users are able to "view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." *In re Gollan*, 728 F.3d 1033, 1035 (9th Cir. 2013). A party seeking an exemption from PACER fees must demonstrate "that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Bell v. OC405 Partners, JV*, No. 8:22-CV-01095-AH-(DFMX), 2025 WL 3009011, at *1 (C.D. Cal. Oct. 3, 2025) (citation modified). "[E]xemptions are the exception, not the rule." *Id*. The fact that a party was granted in forma pauperis status is insufficient on its own to establish that an exemption is necessary. *Chima v. Perkins*, No. 25-CV-06385-TSH, 2025 WL 2202521,

at *1 (N.D. Cal. Aug. 1, 2025). "Exemptions from PACER user fees are uncommon." *Katumbusi v. Gary*, No. 2:14-CV-1534 JAM AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014); *U.S.A. v. Gartenlaub*, No. 8:14-CR-00173-CAS-1, 2025 WL 1837743, at *4 (C.D. Cal. July 3, 2025).

Pursuant to the Electronic Public Access Fee Schedule, effective January 1, 2020, there are several automatic fee exemptions for users, including one free electronic copy of all documents filed electronically and free viewing of judicial opinions. See, https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule. No fee is owed for PACER access until the account holder has accrued charges exceeding $30 in a quarterly billing cycle. *Altamirano v. Arizona Bd. of Regents*, No. CV-25-02257-PHX-JJT, 2026 WL 509096, at *1 (D. Ariz. Feb. 24, 2026). Additionally, no fee is charged for viewing case information or documents at courthouse public access terminals. *Id.* Given the free access listed above, Plaintiffs have not demonstrated that an exemption is necessary. They have not explained how much they are accessing PACER, the expenses associated with that access, nor the reasons for accessing PACER.

Accordingly,

**IT IS ORDERED denying** Plaintiff's pro se Motion for Waiver of Pacer Fees (Doc. 22).

Dated this 12th day of May, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 2 -