Samuel Dampt, #035970
Samuel@DentonPeterson.com
DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901
https://arizonabusinesslawyeraz.com

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mitchell Taylor Button and Dusty Button,<br><br>Plaintiffs,<br>vs.<br><br>Nick Kingsley,<br><br>Defendant. | No. CV-25-02619-PHX-SMB<br><br>**MOTION TO DISMISS**<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Nick Kingsley ("Kingsley") respectfully requests that the Court dismiss the complaint (the "Complaint") filed by Plaintiffs Mitchell Taylor Button ("Taylor") and Dusty Button ("Dusty")(collectively, the "Buttons") because the Buttons have not pled facts which, if true, would made it facially plausible that Kingsley acted with actual malice, that the Buttons experienced emotional distress, or that Kingsley's behavior was extreme and outrageous, which are all necessary elements of the Buttons' claims. In the alternative, Kingsley requests that the Court dismiss the Buttons' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, because the Buttons have not pled that they each have suffered in excess of $75,000.00 in damages. Furthermore, the Court may take judicial notice of allegations

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

asserted by the Buttons in other lawsuits that are referenced in their Complaint which further undermine the plausibility of their Complaint. Finally, Kingsley respectfully requests that the Court order the Buttons to pay Kingsley's attorney fees and costs because the Buttons filed the Complaint with the actual knowledge that their claims were groundless.

**I. <u>In order to state a claim upon which relief may be granted, the Buttons were required to include well-pled allegations of material fact in their Complaint that were sufficient, if true, to state a claim for relief that is plausible on its face.</u>**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Miller v. Sawant*, 18 F.4th 328, 336 (9th Cir. 2021) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Wray v. Greenburg*, 646 F. Supp. 3d 1084, 1095 (D. Ariz. 2022). However, the court need not accept legal conclusions couched as factual allegations. *Id.* Moreover, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

**II. <u>The Buttons did not include well-pled factual allegations in their Complaint from which the Court could reasonably infer that Kingsley acted with actual malice.</u>**

**A. Actual malice is a necessary element of each of the Buttons' three claims because they are public figures.**

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

Those who, by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention, are properly classed as public figures. *Wray v. Greenburg*, 646 F. Supp. 3d 1084, 1112 (D. Ariz. 2022). In some instances, an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. *Id*. More commonly, an individual voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues. *Id*. In either case such persons assume special prominence in the resolution of public questions. *Id*.

In *Manzari v. Associated Newspapers Ltd.*, the Ninth Circuit found that a soft-core porn actress was "undoubtedly" a public figure, based on "news coverage related to her considerable success performing in and marketing online soft-core porn," statements in the complaint that "Danni Ashe is considered 'the most downloaded woman on the Internet' and that her image has 'graced the cover of the Wall Street Journal,'" her presence in several adult films, and high website traffic. *Humphries v. Button*, 2025 U.S. Dist. LEXIS 162472, *61-62 (D. Nev. Aug. 20, 2025)[1] quoting 830 F.3d 881, 888 (9th Cir. 2016). This was true even if "she is less of a household name than stars in other sectors of the entertainment industry." *Id.* quoting *Manzari*, 830 F.3d 881 at 888. The Ninth Circuit also noted that it had attributed public figure status with those with even less fame than Manzari. *Id.* referencing *Manzari*, 830 F.3d 881 at 888. For example, in *Leidholdt v. L.F.P. Inc*, the court had found that a woman was a public figure where she was "a founding member of the organization

[1] *See* unpublished decision attached as **Exhibit 1** for the Court's convenience.

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

Women Against Pornography, has given public speeches against pornography, and has debated its proponents in the national media." *Id*. quoting 860 F.2d 890, 892 (9th Cir. 1988).

The Buttons alleged in their Complaint that Dusty was "an internationally recognized professional ballet dancer", Taylor was "widely recognized" "in the automotive industry", and both are defendants in a "widely publicized civil lawsuit." Complaint, ¶ 2, 8-9. Assuming those allegations are true, the Buttons must be public figures, because like Danni Ashe and the plaintiff in *Leidholdt*, the Buttons are well-known in their particular industry and have been the subject of extensive media attention.

The Buttons also acknowledged in their Complaint that a "widely publicized civil lawsuit" was filed against them in the District Court of Nevada (the "Nevada Lawsuit") with "civil claims for $131,000,000.00" based on the exact same allegations raised by Kingsley in the statements he allegedly made which form the basis of the Buttons' Complaint (the "Statements"). Complaint, ¶ 2, 13, and 20. Even if the Buttons are not general public figures, they are public figures as it relates to the Nevada Lawsuit because the lawsuit has been "widely publicized" to such an extent that "Plaintiffs' lives, careers, and reputations were completely destroyed..." Complaint, ¶ 2 and 5.

**B. The Buttons have not alleged sufficient facts for the Court to infer that Kingsley had any way of knowing whether the Statements he allegedly made were false, or that Kingsley subjectively doubted their truth.**

Because the Buttons are public figures, to prevail on their defamation claims they must prove by clear and convincing evidence that Kingsley acted with actual malice, meaning that Kingsley realized his statements were false or he subjectively entertained serious doubt as to

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

the truth of his statements. *Bose Corp. v. Consumers Union*, 466 U.S. 485, 511 (1984). In order to prevail on their false light or intentional infliction of emotional distress claims they must also prove that Kingsley acted with actual malice. *Flowers v. Carville*, 310 F.3d 1118, 1132 (9th Cir. 2002) and *Hustler Magazine v. Falwell*, 485 U.S. 46, 56 (1988). However, the Buttons have not included any well-pled allegations in the Complaint from which the Court could reasonably infer that Kingsley made the Statements with actual malice.

The Buttons' claim that Kingsley knew that the Buttons were falsely accused in the Nevada Lawsuit or subjectively entertained serious doubt that they committed the misconduct at issue in that lawsuit is not facially plausible. Based on the Buttons' own allegations, Kingsley had good reason to believe that the allegations against the Buttons in the Nevada Lawsuit were true. When Kingsley allegedly made the Statements, the Nevada Lawsuit was ongoing and had been "widely publicized." Complaint, ¶ 2 and 5. Because Kingsley is a member of the automotive industry living in Arizona, Complaint, ¶ 4 and 10, he did not have any personal knowledge of whether the allegations raised in the Nevada Lawsuit were true, but did know that the Nevada Lawsuit had been filed against the Buttons and that, after four years, the Buttons had still not convinced the District Court of Nevada to dismiss the claims. Complaint, ¶ 2 and 5. The Buttons have not alleged facts from which the Court can reasonably infer that Kingsley actually knew that the Statements were false or that Kinglsey subjectively had serious doubts about the truth of the Statements. Instead, the Buttons have alleged facts which support a reasonable inference that Kingsley genuinely, and reasonably, believed that the Statements were true in light of the ongoing Nevada Lawsuit.

The Buttons have not alleged well-pled facts necessary to state a claim for defamation, false light, or intentional infliction of emotional distress upon which relief may be granted and, thus, the Court should dismiss the Buttons' Complaint.

**III. <u>The Buttons did not include well-pled factual allegations in their Complaint from which the Court could reasonably infer that the Buttons suffered severe emotional distress as a result of Kingsley's purported Statements.</u>**

The third prong of a claim for intentional infliction of emotional distress requires that the defendant's conduct actually caused severe emotional distress. *Thorp v. Home Health Agency*, 941 F. Supp. 2d 1138, 1140-1141 (D. Ariz. 2013). Because "severe emotional distress" is not readily capable of precise legal definition, Arizona courts apply a case-by-case analysis with respect to these determinations. *Id*. A line of demarcation should be drawn between conduct likely to cause mere "emotional distress" and causing "severe emotional distress." *Id*. Crying, being stressed and upset, and having headaches is not enough to establish severe harm. *Id*. Shock, stress, moodiness, and estrangement from friends and coworkers is not severe. *Id*. Examples of "severe emotional distress" include experiencing a heart attack and nervous exhaustion, having a miscarriage, and suffering anxiety to the point of requiring hospitalization. *Wray v. Greenburg*, 646 F. Supp. 3d 1084, 1108 (D. Ariz. 2022).

In the Complaint, the Buttons alleged that, "Plaintiffs suffered severe emotional distress as a direct result" of Kingsley's purported Statement, Complaint, ¶ 41, but did not provide any specific examples of the severe emotional distress they experienced. The Court does not have to accept the Buttons' threadbare recital of the claim's element. *Wray*, 646 F. Supp. 3d 1084 at 1095. If the Buttons had experienced severe emotional distress, they could

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

have alleged that they were hospitalized, that they received medical attention, or that they were prescribed medication to address their severe emotional distress. Here, the Buttons did not even allege that they suffered anxiety after reading the Statements.

Furthermore, it is not facially plausible that a few Statements made in comments on other people's Instagram posts, Complaint, ¶ 15-16, caused the Buttons severe emotional distress, when the Buttons have already been subject to wide-spread publicity regarding those same allegations raised in the Nevada Lawsuit and have been involved in a plethora of lawsuits "as a result of that lawsuit." Complaint, ¶ 2 and 14.

The Buttons did not state a claim for intentional infliction of emotional distress that may be granted, and their intentional infliction of emotional distress claim should be dismissed.

**IV. <u>The Buttons did not include well-pled factual allegations in their Complaint from which the Court could reasonably infer that Kingsley's purported actions were extreme and outrageous.</u>**

A necessary element of the Buttons' intentional infliction of emotional distress claim is that Kingsley's actions were "extreme and outrageous." *Merritt v. Arizona*, 425 F. Supp. 3d 1201, 1232 (D. Ariz. 2019). To satisfy the "extreme and outrageous" element, a defendant's conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. *Id*. at 1232-1233.

In this case, the Buttons have alleged that Kingsley left a few comments on Instagram in which he stated allegations made against the Buttons in the Nevada Lawsuit as if the

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

allegations were true without acknowledging the Buttons' denial of the allegations. Complaint, ¶ 15-17. The Buttons admitted in the Complaint that the Nevada Lawsuit is still ongoing after four years. Complaint, ¶ 2 and 5. It is not "extreme" or "outrageous" for someone to conflate their personal belief that allegations made in a lawsuit are true with personal knowledge that the allegations are true. Nor is it "extreme" or "outrageous" for someone to make a few comments online based on that conflation, especially when there has not been an adjudication on the merits with respect to the allegations. The parties are living in an age of online vigilantism where complete strangers will passionately advocate for alleged victims on social media, using the court of public opinion to hold alleged tortfeasors accountable for their alleged misconduct. It is not "extreme," but rather commonplace for someone to make statements online repeating allegations with the assumption that the allegations are true. It is also not outrageous in an era where a reasonable person knows to practice discernment when reading comments online, for someone to post a comment without a disclaimer that the poster did not personally witness the alleged misconduct.

The Buttons did not state a claim for intentional infliction of emotional distress that may be granted, and their intentional infliction of emotional distress claim should be dismissed.

**V. <u>The Buttons did not include well-pled factual allegations in their Complaint from which the Court could reasonably infer that Statements directly and proximately caused the Buttons in excess of $75,000 in damages per plaintiff each.</u>**

In the Complaint, the Buttons alleged that this Court has subject matter jurisdiction over their claims pursuant to 28 U.S.C. § 1332(a)(1), but the Court does not have subject

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

matter jurisdiction unless both Plaintiffs suffered more than $75,000 in damages each. The Buttons did not allege in the Complaint that they each suffered damages in excess of $75,000, but instead that "the amount in controversy exceeds $75,000, exclusive of interest and costs." Complaint, ¶ 11. Even if the Buttons had alleged that requisite amount of damages, their Complaint would still be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1), because upon the face of the Complaint, it is obvious that the suit cannot involve the necessary amount. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

According to the Buttons, in or around May or June 2025, they discovered for the first time that Kingsley left a few comments on someone else's Instagram posts in January or February 2025, and in May 2025. Complaint, ¶ 15-16, and 23. The Buttons admitted that they promptly reached out to Kingsley after discovering the comments and he voluntarily deleted the comments. Complaint, ¶ 23. The Buttons also acknowledged in the Complaint that Kingsley made the same allegations in his comments that were raised in the ongoing "widely publicized" Nevada Lawsuit which "completely destroyed" the Buttons' "lives, careers, and reputations" in 2021. Complaint, ¶ 2 and 5.

It is apparent from the face of the Complaint that the Buttons cannot prove that they each suffered $75,000 in damages as a direct and proximate result of a few comments left online. If their "lives, careers, and reputations" were already destroyed, and the allegations in the Nevada Lawsuit had already been "widely publicized," then the Statements were mere drops in an ocean of bad publicity. The Buttons did not even notice that the Statements had been made until around four months after most of the comments were posted. Complaint, ¶

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

23. It is obvious that the Statements directly and proximately caused the Buttons little to no harm, because any person or entity who was interested in doing business with the Buttons could easily find out about the allegations made against them without ever seeing Kingsley's comments. Furthermore, it is unlikely that any person or entity who was interested in doing business with the Buttons would ever see the comments, because they were left on someone else's Instagram post and even the Buttons, who are proudly litigious, Complaint, ¶ 14, did not notice them for many months. Because the Buttons cannot prove that they each suffered $75,000 in damages, this Court does not have subject matter jurisdiction over this Complaint and should dismiss it.

**VI. <u>While not necessary in order to dismiss the Buttons' Complaint, the Court may take judicial notice of statements made by the Buttons in other lawsuits and a finding in the Nevada Lawsuit that further undermine the plausibility of their claims.</u>**

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) quoting Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* quoting Fed. R. Evid. 201(b)(1)-(2). Accordingly, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Id.* But a court cannot take judicial notice of disputed facts contained in such public records. *Id.*

In this case, the Court does not need to take judicial notice of any facts in order to have sufficient grounds to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

However, it may be helpful to the Court to take judicial notice of the allegations made by the Buttons in other litigation throughout the country, litigation that they specifically referenced in their Complaint. Complaint, ¶ 14 and footnote 1. It may also helpful to the Court to take judicial notice that a finding by the Nevada District Court that is cited in the Buttons' Complaint has since been reversed. Complaint, ¶ 25.

**A. The Buttons' statements about themselves in other lawsuits further shows that they are public figures.**

The Buttons' allegations in the Complaint show that they are at least limited-purpose public figures, because Dusty was "internationally recognized" and Taylor was "widely recognized" prior to 2021 in their respective industries, and have since then been at the center of a "widely publicized civil lawsuit." Complaint, ¶ 2, 8-9.

However, the Court may take judicial notice of the fact that Duty has described herself as: "a world-renowned ballet dancer," someone who has "has positively influenced hundreds of thousands of people nationally and internationally, including by performing and teaching in over 30 countries and across the United States", "someone who has "amassed nearly half of a million followers and subscribers," "arguably the most influential and well-respected name in the dance industry," "Red Bull's first ever (and only to date) ballet athlete, rendering global recognition in media and amassing an enormous following both on social media and worldwide," and someone who "has been published in media publications across the globe." *Button v. McCawley*, 2025 U.S. Dist. LEXIS 3634, *21-23 (S.D. Fla. Jan. 8, 2025)[2];

[2] *See* unpublished decision attached as **Exhibit 2** for the Court's convenience.

*Humphries v. Button*, 2025 U.S. Dist. LEXIS 162472, *58-59 (D. Nev. Aug. 20, 2025). *See* Exhibit 1.

The Court may also take judicial notice of the fact that Taylor has described himself as: "one of the world's most influential Ferrari and military vehicle designers and builders," someone who has "positively influenced hundreds of thousands of people nationally and internationally," someone who has "amassed nearly half of a million followers and subscribers" on Instagram, someone "with a large following both on social media and worldwide amassing millions of fans who idolized him and his work," and someone whose "work has been featured in numerous publications." *Button v. McCawley*, 2025 U.S. Dist. LEXIS 3634, *21-23 (S.D. Fla. Jan. 8, 2025); *Humphries v. Button*, 2025 U.S. Dist. LEXIS 162472, *58-59 (D. Nev. Aug. 20, 2025). *See* Exhibits 1 and 2.

Finally, the Court can take judicial notice of the fact that the Buttons alleged in the Nevada Lawsuit that, "Together, Defendants were sponsored ambassadors [for] countless well-known companies." *Humphries v. Button*, 2025 U.S. Dist. LEXIS 162472, *59 (D. Nev. Aug. 20, 2025). *Id*.

The Buttons have taken the position in this lawsuit that they are not public figures, but they have consistently alleged facts that suggest otherwise in both this lawsuit and other lawsuits that they have filed. It is not plausible that two individuals that have allegedly influenced hundreds of thousands of people and amassed millions of fans are not public figures.

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

**B. The Buttons referenced a decision in their Complaint in the Nevada Lawsuit to support their position that they are not public figures, but that decision has since been reversed.**

In the Complaint, the Buttons included a conclusory statement that "The United States District Court for the District of Nevada has previously found that Plaintiffs are not public figures or even limited-purpose public figures…" Complaint, ¶ 25. However, this Court may take judicial notice of the fact that the District Court of Nevada has since reversed that finding, and instead determined that, as a matter of law, the Buttons are public figures. *Humphries v. Button*, 2025 U.S. Dist. LEXIS 162472, *61 (D. Nev. Aug. 20, 2025). *See* Exhibit 1.

**C. The Buttons have already accused other people of causing the Buttons the harm that the Buttons alleged that they suffered as a direct and proximate result of Kingsley's actions.**

As acknowledged by the Buttons in their Complaint, ¶ 14, this lawsuit is one of many filed by the Buttons related to the Nevada Lawsuit. The Buttons filed a lawsuit against Madison Breshears ("Breshears") in May 2024, alleging that the Buttons "lost any and all business immediately and for the foreseeable future" as a result of Breshears' posts calling Dusty a "sexual predator" and accusing her of grooming young girls. *Button v. Breshears*, 2025 U.S. Dist. LEXIS 192039, *11 (S.D.N.Y. Sept. 26, 2025).[3] In July 2024, the Buttons filed a lawsuit against Sigrid McCawley ("McCawley"), alleging that the Buttons were

[3] *See* unpublished decision attached as **Exhibit 3** for the Court's convenience.

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

harmed by fourteen defamatory statements made by McCawley to media outlets accusing the Buttons of "criminal behavior," serial abuse, "sex trafficking," and "shameless victim-blaming." *Button v. McCawley*, 2025 U.S. Dist. LEXIS 3634, *2-8 (S.D. Fla. Jan. 8, 2025). *See* Exhibit 2. Also in July 2024, the Buttons filed a lawsuit against the New York Times alleging that the Buttons had not been able to find any work because an article published by the newspaper. *Button v. N.Y. Times Co.*, 2025 U.S. Dist. LEXIS 180601, *15 (S.D.N.Y. Sept. 15, 2025).[4]

Finally, in March 2025, a mere four months before filing this lawsuit, the Buttons filed a lawsuit against Craig Lopresti ("Lopresti") alleging that Lopresti's January 27, 2025, comment caused the Buttons to be, "deprived or work, prospective contracts and repaired business relationships." *Button v. Lopresti*, 2025 U.S. Dist. LEXIS 268481, *6 (S.D. Cal. Dec. 31, 2025)[5], and prevented them from repairing their reputations that were "completely destroyed by a false and defamatory global media campaign waged against them in May and June of 2021." *Id*.

It is not possible that the Buttons "had only recently begun to re-establish relationships in their respective industries when Defendant's defamatory comments resurfaced and further derailed their recovery," Complaint, ¶ 5, when as of May 2024 they had "lost any and all business immediately and for the foreseeable future," as of July 2024 they had not been able to find any work, and as of March 2025, they had been prevented from repairing their reputations. If the Buttons were already unable to repair their reputations in March 2025

[4] *See* unpublished decision attached as **Exhibit 4** for the Court's convenience.

[5] *See* unpublished decision attached as **Exhibit 5** for the Court's convenience.

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

because of Lopreseti's comment, then Kingsley's comments made "on or about January or February 2025," Complaint, ¶ 15, did not directly and proximately prevent the Buttons from repairing their reputations. Likewise, Kingsley's comment in May 2025 could not have harmed the Buttons when their reputations were already in disrepair a mere four months earlier. The Buttons have not provided any explanation in the Complaint for how Kingsley's specific comments could have directly and proximately harmed them, when their reputations had already been destroyed by the Nevada Lawsuit, Breshears, McCawley, the New York Times, and Lopresti. Certainly, it is implausible that even if the Button could show how Kinglsey's comments specifically caused any material harm, how that harm could exceed $75,000 per plaintiff and thereby meet the jurisdictional requirements of this Court.

## VII. <u>The Court should award Kinglsey his attorney fees pursuant to A.R.S. § 12-349 and his costs pursuant to A.R.S. § 12-341.</u>

A.R.S. § 12-349(A) provides that the trial court "shall assess" reasonable attorney fees and costs against a party if the party "brings or defends a claim without substantial justification." "Without substantial justification" means that the claim or defense is groundless and not made in good faith. A.R.S. § 12-249(F). "Groundless" and "frivolous" are equivalent terms. *Walker v. Lipin*, 252 Ariz. 178, 183-184 (App. 2021). A claim is frivolous if the proponent can present no rational argument based upon the evidence or law in support of that claim. *Id*. A claim is not made in good faith if the party knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway. *Santa Cruz Cnty. v. Audit USA*, 580 P.3d 537, 542 (App. 2025).

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

This lawsuit is based on the Buttons' allegation that Kingsley caused them "severe reputational, emotional, and professional harm" by posting comments in January or February, and then again in May 2025. Complaint, ¶ 7, 15-16. The Buttons alleged that "sponsors, clients, and employers" "had recently begun re-engaging with Plaintiffs professionally." Complaint, ¶ 6. But the Buttons knew when they filed the Complaint that just four months earlier, they filed a lawsuit against Lopresti alleging that a comment made by Lopresti on January 27, 2025, caused the Buttons to be, "deprived or work, prospective contracts and repaired business relationships." *Button v. Lopresti*, 2025 U.S. Dist. LEXIS 268481, *6 (S.D. Cal. Dec. 31, 2025). *See* Exhibit 5. The Buttons also alleged that Lopresti's "power and influence online" intentionally prevented the Buttons from repairing their reputations. *Id*. The Buttons knew when they filed this lawsuit that Kingsley's comments could not have directly and proximately caused them the alleged harm when Lopresti's comment, which was made around the same time as Kingsley's comments, was the direct and proximate cause of their alleged harm.

The Buttons also knew when they filed this lawsuit that they are public figures and cannot prove actual malice by simply stating that Kingsley acted with actual malice. More than six months before the Buttons filed this lawsuit, the Florida Southern District Court dismissed the Buttons' defamation claim against McCawley because the court held that the Buttons were public figures and that the Buttons did not set forth facts demonstrating that McCawley acted with actual malice in their complaint. *Button v. McCawley*, 2025 U.S. Dist. LEXIS 3634, *26 (S.D. Fla. Jan. 8, 2025). *See* Exhibit 2. Notwithstanding, when the Buttons

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

filed this Complaint, the Buttons included a conclusory statement that Kingsley acted with actual malice, without alleging facts to support the statement. Complaint, ¶ 24.

Because the Buttons' claims are groundless and they knew they were groundless when they filed their Complaint, the Court should award Kingsley fees under A.R.S. § 12-349(A). The Court should also award Kingsley his costs pursuant to A.R.S. § 12-341 which states that, "the successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law," because Kingsley is the successful party to this civil action if the Court grants this Motion to Dismiss.

## VIII. Conclusion

Kingsley respectfully requests that the Court dismiss the Buttons' Complaint with prejudice and award him his attorney fees and costs.

RESPECTFULLY SUBMITTED this 17th day of August, 2026.

**DENTON PETERSON DUNN, PLLC**

/s/ Samuel Dampt
Samuel Dampt
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213
*Attorney for Defendant, Nick Kingsley*

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mitchell Taylor Button and Dusty Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
worldofdusty@gmail.com

/s/ Priscilla Weller

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

**CERTIFICATE OF COMPLIANCE WITH LRCiv 12.1(c)**

I hereby certify that on the 13th day of August, 2026, I spoke with the opposing party over the phone to discuss the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment by the pleading party.

/s/ Samuel Dampt